ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Bryan Ashush JV | ) ASBCA No. 64037[1] |
| | ) |
| Under Contract No. W912GB-23-C-0005 | ) |

APPEARANCE FOR THE APPELLANT:    Casey J. McKinnon, Esq.
    Cohen Seglias Pallas Greenhall
    & Furman PC
    Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
    Engineer Chief Trial Attorney
    Cara M. Mroczek, Esq.
    Rebecca L. Bockmann, Esq.
    Engineer Trial Attorneys
    U.S. Army Engineer District, Middle East
    Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE SWEET
ON THE GOVERNMENT'S PARTIAL MOTION TO DISMISS

Appellant Bryan Ashush JV (BAJV or appellant) appeals the deemed denial of its claim seeking to be excused from performing a contract between it and the United States Army Corps of Engineers (Corps or government). The government has moved (Motion) to dismiss or strike portions of BAJV's complaint (Complaint), arguing that the Complaint requests injunctive relief that the Board does not possess jurisdiction to grant. BAJV argues that the Complaint merely requests declaratory relief that the contract should be terminated for convenience. As discussed in greater detail below, the Complaint seeks injunctive relief that we do not possess jurisdiction to grant, and declaratory relief that we do possess jurisdiction to grant. Thus, we grant the Motion in part, and deny it in part.

---

[1] Appellant has filed two additional notices of appeal, docketed as ASBCA Nos. 64184 and 64185. Those appeals have been consolidated with this appeal; however, the Corps' Motion and our opinion deal only with the Complaint filed in ASBCA No. 64037.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On August 2, 2023, the Corps awarded BAJV Contract No. W912GB-23-C-0005 (Contract) for the construction of a "Life Support Area" in Israel (R4, tab 3 at 1-2). The Corps issued an administrative notice to proceed (NTP) on September 12, 2023 (compl. ¶ 10; answer ¶ 10), and planned to issue a construction NTP on October 15, 2023 (answer ¶ 13).

2. Before it issued that construction NTP, however, a war between Hamas and Israel began on October 7, 2023 (compl. ¶ 13; answer ¶ 13). The Corps issued a suspension of work order on November 7, 2023 (compl. ¶ 14), but lifted it on January 17, 2024 (*id.* ¶ 15; answer ¶ 15). The Corps did not issue the construction NTP until June 5, 2024 (compl. ¶ 27; answer ¶ 27).

3. On August 1, 2024, BAJV filed a claim with the contracting officer (CO) requesting that it be excused from further performance (R4, tab 2 at 1). The claim alleged that the Corps' failure to issue the construction NTP until 10 months after award constituted a material breach, a cardinal change, and rendered performance impracticable (*id.* at 2-6). The Corps did not respond to the claim, leading BAJV to file this appeal as a deemed denial on December 13, 2024.

4. Like its claim, BAJV's three-count Complaint alleges material breach of contract, cardinal change, and commercial impracticability. The concluding paragraphs of the Complaint's statement of facts, the second count, and the third count allege that the Corps' conduct excuses BAJV from further performance under the contract, "which should be terminated for convenience" (compl. ¶¶ 28, 55, 66). Similarly, the concluding paragraph of the first count alleges that "BAJV is entitled to discontinue its performance and have the Contract terminated for convenience" (*id.* ¶ 44).

5. The Complaint's prayer for relief makes two requests: that "the Board (1) find that [BAJV's] performance obligations under the Contract are excused and (2) direct the Government to terminate the Contract for convenience" (*id.* at 10).

DECISION

*Analysis*

While the Board does not possess jurisdiction over BAJV's request that we direct the government to terminate the Contract for convenience, we possess jurisdiction over BAJV's request that we find that the government's material breach, a cardinal change, and impossibility excuse BAJV's performance. Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09, we do not possess jurisdiction to grant

injective relief.  *Lulus Ostrich Ranch*, ASBCA Nos. 59252, 59450, 14-1 BCA ¶ 35,769 at 175,000.  However, we possess jurisdiction to grant declaratory relief. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1271 (Fed. Cir. 1999); *Inter-Continental Equip., Inc.*, ASBCA No. 44840, 94-2 BCA ¶ 26,655 at 132,609. "Although the Board does not possess jurisdiction to order injunctive relief such as the termination of a contract for convenience, the Board possesses jurisdiction to entertain non-monetary claims, including whether performance of the contract is impossible." *CDM Constructors, Inc.*, ASBCA No. 59524, 15-1 BCA ¶ 36,097 at 176,238 (citations omitted).  Similarly, in *Philips Lighting N. Am. Corp.*, we held that a complaint requesting that we find that the government's material breach permitted a contractor to cease performance and seek damages did not seek injunctive relief.  ASBCA No. 61769, 2024 WL 5038837 (Nov. 15, 2024).  A contractor bears the burden of proving the Board's jurisdiction to hear its appeal.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kostas Greek Food – Zorbas*, ASBCA No. 62213, 21-1 BCA ¶ 37,750 at 183,208.

Here, the Complaint's prayer for relief requests that we direct the government to terminate the Contract for convenience, and that we find that the government's material breach, a cardinal change, and impossibility excused BAJV's performance obligations under the Contract (SOF ¶ 5).  Under *CDM Constructors*, we do not possess jurisdiction to direct the government to terminate the Contract for convenience because that is injunctive relief.  *See* 15-1 BCA ¶ 36,097 at 176,238.  However, under *CDM Constructors* and *Philips Lighting*, we possess jurisdiction to determine whether there was a material breach, a cardinal change, and impossibility which would excuse BAJV's performance obligations under the Contract because that is declaratory relief of the sort that we may provide.  *See CDM Constructors*, 15-1 BCA ¶ 36,097 at 176,238; *Philips Lighting*, 2024 WL 5038837.[2]  Thus, BAJV has not met its burden of showing that we possess jurisdiction over the Complaint's request that we direct the government to terminate the Contract for convenience, but BAJV has met its burden of showing that we possess jurisdiction over the Complaint's request that we find that the government's material breach, a cardinal change, and impossibility excused BAJV's performance obligations under the Contract.

---

[2] The government also moves to strike the mentions of the termination for convenience contained in paragraphs 28, 44, 55, and 66 of the Complaint (gov't mot. at 2-3, 5).  Those references are a mere expression of BAJV's opinion concerning what should happen to the Contract if the Board finds in BAJV's favor, and do not request that the Board order, direct, or otherwise require the Corps to terminate the contract for convenience (SOF ¶ 4).  Therefore, we deny the motion to strike those references.

CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part. We strike the Complaint's second request for relief asking us to "direct the Government to terminate the Contract for convenience" (SOF ¶ 5 (quoting compl. at 10)).

Dated: October 1, 2025

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 64037, Appeal of Bryan Ashush JV, rendered in conformance with the Board's Charter.

Dated: October 1, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4